IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CP STUDIOS LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 26-571 (MN) |
| TWITCH INTERACTIVE, INC., | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Brian E. Farnan, Michael J. Farnan, FARNAN LLP, Wilmington, DE; Joseph M. Abraham, Moses Xie, FOLIO LAW GROUP PLLC, Seattle, WA – Attorneys for Plaintiff

Jennifer Ying, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, DE; Brian C. Nash, MORRISON FOERSTER LLP, Austin, TX; Kyle W.K. Mooney, MORRISON FOERSTER LLP, New York, NY; Lily Yue Li, MORRISON FOERSTER LLP, Palo Alto, CA– Attorneys for Defendant

November 2, 2026
Wilmington, Delaware

Maryellen Noreika

**NOREIKA, U.S. DISTRICT JUDGE**

Defendant Twitch Interactive, Inc. requests that this case be transferred to the Northen District of California. For the reasons that follow, Twitch has not made the strong showing required to transfer a case out of this District. Accordingly, the Court will deny the motion.

## I. BACKGROUND

### A. The Parties

Plaintiff CP Studios is a Delaware corporation with its principal place of business in Salt Lake City, Utah. (D.I. 1 ¶ 4). Defendant Twitch Interactive ("Twitch") is a Delaware corporation with its principal place of business in San Francisco, California. (D.I. 15 at 1).

### B. Nature and Stage of the Proceedings

Twitch was originally sued for patent infringement by a different entity also named CP Studios. *CP Studios, LLC v. Twitch Interactive, Inc.*, C.A. No. 25-1542-MN (D. Del.) ("the original case"). In both the original case and this case, CP Studios alleges that Twitch's products infringe U.S. Patent Nos. 9,604,132 ("the '132 Patent"), 9,889,373 ("the '373 Patent"), 10,632,388 ("the '388 Patent), and 11,731,054 ("the '054 Patent") (collectively, "the Asserted Patents"). (D.I. 1 ¶ 1). After Twitch moved to dismiss the original case for lack of standing, the parties submitted a stipulation dismissing the original case and agreeing to litigate the present action. (D.I. 6). The Court approved the stipulation on July 1, 2026. (D.I. 7). Twitch subsequently answered CP Studio's complaint in this action (D.I. 10) and now moves to transfer the case to the Northern District of California. (D.I. 14).

## II. MOTION TO TRANSFER

Twitch requests this case be transferred to the Northern District of California under 28 U.S.C. § 1404(a). That statute permits district courts to transfer a case "to any other district or

division where it might have been brought" "[f]or the convenience of parties and witnesses [and] in the interest of justice." 28 U.S.C. § 1404(a).

In the Third Circuit, the § 1404(a) analysis turns on the private and public interest factors laid out in *Jumara v. State Farm Mut. Auto. Ins. Co.*, 55 F.3d 873 (3d Cir. 1995). The private interest factors are:

> [(1)] plaintiff's forum preference as manifested in the original choice; [(2)] the defendant's preference; [(3)] whether the claim arose elsewhere; [(4)] the convenience of the parties as indicated by their relative physical and financial condition; [(5)] the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and [(6)] the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Id.* at 879. And the public interest factors are:

> [(7)] the enforceability of the judgment; [(8)] practical considerations that could make the trial easy, expeditious, or inexpensive; [(9)] the relative administrative difficulty in the two fora resulting from court congestion; [(10)] the local interest in deciding local controversies at home; [(11)] the public policies of the fora; and [(12)] the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* A plaintiff's choice of forum "should not be lightly disturbed." *Id.* "The burden is on the moving party to establish that a balancing of proper interests weigh[s] in favor of the transfer." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970). The moving party bears a substantial burden; it must prove that the *Jumara* factors "strongly" favor transfer, else the plaintiff's choice of forum should prevail. *Id.*

### A. <u>Appropriateness of the Proposed Transferee Venue</u>

"The first step in the transfer analysis is to determine whether this action could have been brought in the proposed transferee venue," here, the Northern District of California. *Papst Licensing GmbH & Co. KG v. Lattice Semiconductor Corp.*, 126 F. Supp. 3d 430, 437 (D. Del.

2015). Neither party disputes that this case could have been brought in the Northern District of California, so the threshold inquiry is satisfied.

### B. The *Jumara* Factors

#### 1. Plaintiff's Choice of Venue

"It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request." *Burroughs Wellcome Co. v. Giant Food, Inc.*, 392 F. Supp. 761, 762–63 (D. Del. 1975); *see also Shutte*, 431 F.2d at 25 (same); *Samsara Inc. v. Motive Techs.*, Case No. 24-84 (MN), 2024 WL 3822981, at *4 (D. Del. Aug. 14, 2024) (same). "Assuming jurisdiction and proper venue, weight is given to plaintiff's choice because it is plaintiff's choice and a strong showing under the statutory criteria in favor of another forum is then required as a prerequisite to transfer." *Puff Corp. v. KandyPens, Inc.*, Case No. 20-976 (CFC), 2020 WL 6318708, at *3 (D. Del. Oct. 28, 2020) (citation omitted). CP Studios is a Delaware corporation that elected to bring suit in Delaware. (D.I. 1 ¶ 2). That choice is entitled to "paramount consideration," so this factor weighs strongly against transfer. *Shutte*, 431 F.2d at 25.

#### 2. Defendant's Forum Preference

A defendant's stated preference for the transferee forum generally makes this factor favor transfer. *See*, *e.g.*, *Intell. Ventures I LLC v. Checkpoint Software Techs. Ltd.*, 797 F. Supp. 2d 472, 480 (D. Del. 2011). Defendant must "articulate rational, legitimate reasons to support" its preference to litigate in the transferee district. *Papst*, 126 F. Supp. 3d at 438 (quoting *Pragmatus AV, LLC v. Yahoo! Inc.*, Case No. 11-902 (LPS) (CJB), 2012 WL 4889438, at *1 (D. Del. Oct. 15, 2012), *report and recommendation adopted*, Case No. 11-902 (LPS) (CJB), 2013 WL 174499 (D. Del. Jan. 16, 2013)).

Here, Twitch's rationale for wanting to litigate in the Northern District of California relates to convenience. (*See* D.I. 15 at 15). As explained by Twitch, "Twitch is headquartered in San Francisco and strongly prefers to litigate in that court." (*Id.*). "As this Court has often held, the physical proximity of the proposed transferee district to a defendant's principal or key place of business (and relatedly, to witnesses and evidence potentially at issue in the case) is a clear, legitimate basis for seeking transfer." *Samsara*, 2024 WL 3822981 at *4 (quoting *Papst*, 124 F. Supp. 3d at 439). This factor therefore favors transfer.

**3. <u>Whether the Claims Arose Elsewhere</u>**

Patent claims arise wherever alleged infringement has occurred. *See Treehouse Avatar LLC v. Valve Corp.*, 170 F. Supp. 3d 706, 710 (D. Del. 2016). "[A]s to this factor, this Court typically focuses on the location of the production, design and manufacture of the accused instrumentalities." *Papst*, 126 F. Supp. 3d at 439. It appears undisputed that Twitch does not have a physical presence in Delaware apart from a single remote employee. (D.I. 18 ¶ 4). Twitch argues that the allegedly infringing products were "researched, designed, and developed in San Francisco." (D.I. 15 at 14). Twitch further argues that Plaintiff nowhere alleges that users of Twitch's products are infringing the Asserted Patents, meaning that Plaintiff has not identified any infringement taking place in Delaware. (D.I. 22 at 7).

Nonetheless, CP Studios has alleged that Twitch is "placing [allegedly infringing] products and services into the stream of commerce with the expectation that they will be purchased and/or used by third party resellers and/or by end consumers in this District" and that the allegedly infringing products "have been and continue to be purchased and used in this District." (D.I. 1 ¶ 9). "Selling or offering to sell the accused products in Delaware would constitute an alleged act of infringement within the meaning of § 271(a), thereby giving rise to a claim that arises in this

District." *P Tech, LLC v. Arthrex, Inc.*, No. 21-968 (MN), 2022 WL 1490733 (D. Del. May 11, 2022). CP Studios has therefore adequately alleged claims that arise in this District.

Although on the one hand some claims may arise in this District, on the other hand the accused products were developed in the Northern District of California. This factor is therefore neutral.

**4. Convenience of the Parties**

This factor looks to "(1) the parties' physical location; (2) the parties' logistical and operational costs of traveling to litigate in Delaware, as opposed to the proposed transferee district; and (3) the relative ability of each party to bear these costs in light of its size and financial standing." *Samsara*, 2024 WL 3822981, at *5. Twitch argues the Northern District of California is the most convenient forum for both parties because Twitch is headquartered in the Northern District of California, making it easier for Twitch's "engineers, developers, and operations personnel who designed and built the accused products to attend depositions and appear at trial close to where they work and live." (D.I. 14 at 12). As a result, should the case proceed in Delaware, it appears that most, if not all of the Twitch's party witnesses will be forced to travel. (D.I. 15 at 13). Conversely, should the case proceed in the Northern District of California, only the non-San Francisco-based witnesses face travel. Twitch also does not dispute that it has the resources to send its party witnesses to Delaware. (D.I. 22 at 7). CP Studios' principal resides in Salt Lake City, Utah, meaning he will need to travel regardless of where the case is heard – although Delaware is admittedly further. (D.I. 20 at 10).

That being said, cases in this District indicate that the need to travel is not, without more, sufficient to favor transfer. *See Rampart IC, LLC v. Egg Med., INC.*, No. 1:24-CV-00643-JCG, 2025 WL 227287, at *3 (D. Del. Jan. 17, 2025) (citing *Arbor Glob. Strategies LLC v. Xilinx, Inc.*, No. CV 19-1986 (MN), 2020 WL 4673832, at *3 (D. Del. Aug. 12, 2020)) ("[T]his court has

previously found this factor neutral in a case when both parties were headquartered in California because the defendant failed to show it would suffer a 'unique or unexpected burden' by having to litigate in Delaware, when the defendant had chosen to incorporate in Delaware.").

The cases Twitch cites in support of transfer based on party location alone are distinguishable. In *Rockwell*, the defendant had only thirty-two employees, all of whom were based in the proposed transferee district. *Rockwell Automation, Inc. v. EU Automation, Inc.*, No. CV 21-1162 (MN), 2022 WL 15447159, at *5 (D. Del. Oct. 27, 2022). Twitch has 938 employees, only 442 of whom are based in the Northern District of California. (D.I. 18 ¶ 4). In *Williamson*, the plaintiff already had counsel in the Northern District of California, was litigating on behalf of a liquidating trust formed in the U.S. Bankruptcy Court for the Northern District of California and focused his convenience argument on the "efficiencies of litigating in New York City" – which is neither where the case was brought nor where defendant sought to transfer it. *Williamson v. Google Inc.*, No. CV 14-216-GMS, 2015 WL 13311284, at *2 (D. Del. Mar. 2, 2015).

This factor is therefore neutral. *Rampart IC*, 2025 WL 227287 at *3 (finding this factor neutral).

### 5. <u>**Convenience of the Witnesses**</u>

This factor matters "only to the extent that the witnesses may actually be unavailable for trial in one of the fora." *Jumara*, 55 F.3d at 879. This factor focuses on third-party witnesses, and "[i]t is the defendant's burden to show both the unavailability of a particular witness and that witness' importance to the defendant's case." *Tessera, Inc. v. Sony Elecs. Inc.*, Case No. 10-838 (RMB) (KW), 2012 WL 1107706, at *6 (D. Del. Mar. 30, 2012). Twitch has identified six categories of potential third-party witnesses. (D.I. 15 at 6-13). These are: (1) three co-founders of Twitch who no longer work for the company, (2) other third-party prior artists from Ustream,

OnLive, and FarmVille, (3) third-party developers and streamers, third-party prospective licensees, (5) former checkpoint employees, and (6) CP Studios' patent prosecutions counsel. (*Id.*). Twitch suggests that the Northern District of California has subpoena power over most, if not all of these witnesses, but this District lacks subpoena power over any of them. (*Id.*). CP Studios focuses their opposition on the relevance of the testimony from witnesses identified by Twitch. (D.I. 20 at 10-15). They also point out that some third-party witnesses may be outside the subpoena power of both this Court and the Northern District of California. (*Id.* at 14-15).

Even accepting that there are relevant third-party witnesses who reside within the subpoena power of the Northern District of California, this is not the showing Twitch must make in order for this factor to favor transfer. Twitch has made no showing that the suggested third-party witnesses are unwilling or unable to travel to this District. (D.I. 20 at 10-11); *See P Tech*, 2022 WL 1490733, at *4 ("No party, however, has provided any specificity as to reasons there are to think that any of these potential witnesses will actually be unavailable for trial as opposed to the proffer of a guess or speculation on that front.") (cleaned up) (quoting *Genedics, LLC v. Meta Co.*, No. CV 17-1062-CJB, 2018 WL 417950, at *7 (D. Del. Jan. 12, 2018)).

Cases involving similar situations indicate that this factor should therefore weigh slightly in favor of transfer or be neutral. *Compare Wiremed Tech LLC v. Adobe Inc.*, No. CV 18-1066 (MN), 2019 WL 2250643, at *4 (D. Del. May 24, 2019) ("[B]ecause neither party has identified any third-party witnesses in Delaware and Adobe has identified why it would want to call these witnesses at trial, this factor favors transfer, albeit only slightly."), *and Auto Equity Loans of Delaware, LLC v. Shapiro*, No. CV 18-1470 (MN), 2019 WL 4169794, at *8 (D. Del. Sept. 3, 2019) (similar), *with P Tech*, 2022 WL 1490733, at *4 (finding this factor neutral when there was no showing of unavailability and there were "potential non-party witnesses who may be

inconvenienced in one forum or the other"), *and Arbor Glob. Strategies LLC v. Xilinx, Inc.*, No. CV 19-1986 (MN), 2020 WL 4673832 (D. Del. Aug. 12, 2020) (similar). Given that there has been no showing of unavailability or unwillingness to travel, this factor weighs – at most – slightly in favor of transfer.

**6. Location of Books and Records**

This factor matters only "to the extent that the [books and records] could not be produced in the alternative forum." *Jumara*, 55 F.3d at 879. This factor receives minimal weight given the state of litigation technology today, the advent of e-discovery, and the ease with which documentary evidence can be produced electronically. *See*, *e.g.*, *Blackbird Tech LLC v. E.L.F. Beauty, Inc.*, No. 19-1150 (CFC), 2020 WL 2113528, at *4 (D. Del. May 4, 2020); *Intell. Ventures I LLC v. Altera Corp.*, 842 F. Supp. 2d 744, 759 (D. Del. 2012). Neither party has identified any documents that would be available in the Northern District of California but unavailable in Delaware. This factor is therefore neutral.

**7. Enforceability of the Judgment**

This factor is neutral "because '[t]here is no suggestion that a judgment would be unenforceable in either the District of Delaware or the [Northern District of California].'" *Samsara*, 2024 WL 3822981, at *6 (quoting *Altera*, 842 F. Supp. 2d at 759).

**8. Practical Considerations**

The Court must consider "practical considerations that could make the trial easy, expeditious, or inexpensive." *Jumara*, 55 F.3d at 879. *Arbor Global* is instructive on this factor. 2020 WL 4673832. In that case, plaintiff was headquartered in Nevada and defendant in the Northern District of California. *Id.* at *5. In that case, as in this one, "Defendant's contentions 'have been raised, in the same way, as to other *Jumara* factors.'" *Id.* (quoting *Elm 3DS Innovations LLC v. SK Hynix, Inc.*, No. 14-1432 (LPS) (CJB), 2015 WL 4967139, at *11 (D. Del. Aug. 20,

2015)); (*see* D.I. 15 at 17) (restating convenience and subpoena power concerns). And in that case, this Court refused to "double count" defendant's arguments and found the factor neutral. *Id.* So too here. This factor is neutral.

**9. Relative Administrative Difficulty Due to Court Congestion**

This factor is neutral because "[b]oth courts are among the busiest in the country." *Puff Corp.*, 2020 WL 6318708, at *5.

**10. Local Interest in Deciding Local Controversies at Home**

This factor is neutral. Generally speaking, "patent issues do not give rise to a local controversy or implicate local interests." *TriStrata Tech., Inc. v. Emulgen Labs., Inc.*, 537 F. Supp. 2d 635, 643 (D. Del. 2008). And although Delaware has an interest in having its corporate citizens litigate in its own courts, the Northern District of California also has an interest in this litigation since Twitch is headquartered there and at least some of the development related to the accused products occurred there. Balancing those competing interests, the Court finds this factor is neutral.

**11. Public Policies of the Fora**

Both parties are Delaware corporations and "Delaware's public policy encourages Delaware corporations to resolve their disputes in Delaware courts." *VLSI Tech. LLC v. Intel Corp.*, Case No. 18-966 (CFC), 2018 WL 5342650, at *9 (D. Del. Oct. 29, 2018). Cases involving a Delaware-incorporated plaintiff headquartered elsewhere and a Delaware-incorporated defendant headquartered in California typically find this factor is neutral or weighs slightly against transfer. *See Samsara*, 2024 WL 3822981 at *7 (finding this factor neutral); *Arbor Global*, 2020 WL 4673832 at *6 (finding this factor weighs slightly against transfer). In the present case, the Court finds this factor to be neutral.

**12. Familiarity of the Trial Judge with the Applicable State Law**

This factor has limited (if any) applicability here because neither party asserts state law claims, and this is not a diversity case. Both forums are equally familiar with the relevant law. This factor is therefore neutral.

**C. Weighing the Factors**

Overall, one factor weighs strongly against transfer, two factors favor transfer (one only slightly), and the remaining nine factors are neutral. After weighing the relevant factors, Twitch has failed to make the required strong showing that this case should be transferred to the Northern District of California, disrupting CP Studios' choice of forum.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion is DENIED. An appropriate order will follow.